IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,620-01 to -03





EX PARTE TYROBIOA LEROY BROWNER, Applicant







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 14559-HC1, 14560-HC1, & 15256-HC1


IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivering
cocaine on three dates in 1993 and was sentenced to fifteen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. On a previous remand the trial court obtained an affidavit from Applicant and concluded
that Applicant had not reached the midpoint of his time remaining on parole after his release. 
However, either the facts or the math used by the trial court are insufficient or inaccurate, because
the dates found by the court reflect Applicant had only approximately 105 months left to serve when
he was released, not the approximately 127 months found by the court.

 The trial court shall order the Texas Department of Criminal Justice, Correctional Institutions
and Parole Divisions, to file affidavits listing Applicant's sentence begin date, the dates of issuance
of any parole-revocation warrants or summons leading to the revocation of such parole or mandatory
supervision, and the date of the revocation. The affidavits should state whether Applicant is serving
a sentence for, or has previously been convicted of, an offense which was listed in tex. Gov't code
§ 508.149(a) at the time of Applicant's revocation. The affidavits should also address whether
Applicant was ever previously released on these sentences, how much time was remaining on these
sentences on the date that Applicant was released on parole, and how much time Applicant spent on
release before the issuance of the parole-revocation warrant or summons. The affidavits should state
whether or not Applicant is receiving credit for any of the time spent on parole. Finally, the
affidavits should indicate whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted or resolved.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by tex. Gov't code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit and, if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 6, 2007

Do not publish